IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMIE M. HAMILTON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0732-B |
| | § | |
| HUTCHINS STATE JAIL, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Jeremie M. Hamilton, a Texas prisoner, against the Hutchins State Jail, the Dawson State Jail, and two members of the jail medical staff. On March 25, 2008, plaintiff filed suit against these defendants, together with the Larry Gist State Jail, the Walls TDCJ Corporation, and the University of Texas Medical Branch ("UTMB"), in the Eastern District of Texas. After screening the complaint and granting leave to proceed *in forma pauperis*, that court transferred plaintiff's claims against the Hutchins State Jail, the Dawson State Jail, and the jail medical staff to the Northern District of Texas. *Hamilton v. Hutchins State Jail*, No. 1-08-CV-157, op. at 2-3 (E.D. Tex. Apr. 4, 2008).[1] Two sets of written interrogatories then were sent to

---

[1] Plaintiff's claims against the Walls TDCJ Corporation and UTMB were transferred to the Southern District of Texas, while the claims against the Larry Gist State Jail remained in the Eastern District of Texas. *Hamilton v. Hutchins State Jail*, No. 1-08-CV-157, op. at 2-3.

plaintiff in order to obtain additional information about the factual basis of the transferred claims. Plaintiff answered the interrogatories on May 15, 2008 and July 17, 2008. The court now determines that plaintiff should be allowed to prosecute his medical care claim against Lisa Wimberly, a physician's assistant at the Hutchins State Jail. His claims against the other defendants should be summarily dismissed.

II.

Plaintiff was incarcerated in the Hutchins State Jail from February 1-29, 2008, and in the Dawson State Jail from March 1-7, 2008. Prior to his incarceration, plaintiff, who suffers from a congenital heart defect, underwent a successful heart transplant. During his one-month stay at the Hutchins State Jail, plaintiff alleges that Lisa Wimberly refused to treat him for chest pain, withheld anti-rejection drugs, and told plaintiff that he would not receive any medical care "if he mentioned the word attorney around [her] ever again." (Mag. J. Sec. Interrog. #1). Plaintiff further alleges that Roy Reid, a doctor at both the Hutchins State Jail and the Dawson State Jail, falsified documents and "wrote malicious statements about the plaintiff, which is now impacting the type of medical treatment [he] receives, if he receives any medical treatment at all." (*Id.*). As a result of his inadequate medical care, plaintiff states that he "went into heart failure." (Mag. J. First Interrog. #5). By this suit, plaintiff seeks unspecified damages and other relief.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

(3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). In order to state a claim upon which relief can be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations, the plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action[.]" *See Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 1231 (2008).

B.

The court initially observes that the Hutchins State Jail, which is operated by the Texas Department of Criminal Justice, a state agency, cannot be sued for money damages in federal court. *See Mayes v. Travis State Jail*, No. A-06-CA-709-SS, 2007 WL 1888828 at *3 (W.D. Tex. Jun. 29, 2007) (holding that Travis State Jail, a facility operated by the TDCJ, is entitled to Eleventh Amendment immunity). In order to state a claim against the Dawson State Jail, a facility operated by a private corporation, plaintiff must show that the actions of jail officials resulted from an official policy or practice. *See Eldridge v. CCA Dawson State Jail*, No. 3-04-CV-1312-M, 2004 WL 1873035 at *2 (N.D. Tex. Aug. 19, 2004), *rec. adopted*, 2004 WL 2075423 (N.D. Tex. Sept. 16, 2004), *citing Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018,

2037, 56 L.Ed.2d 611 (1978). *See also Travis v. Texas Dept. of Criminal Justice*, No. 3-06-CV-1854-M, 2006 WL 3831221 at *2 (N.D. Tex. Dec. 28, 2006) (applying *Monell* to civil rights claim against Dawson State Jail). This may include persistent or widespread practices which, although not officially authorized, are "so common and well settled as to constitute a custom that fairly represents [official] policy." *Travis*, 2006 WL 3831221 at *2, *quoting Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995). However, isolated incidents are insufficient to show a custom or practice for purposes of section 1983 liability. *See id., citing Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir.), *cert. denied*, 113 S.Ct. 462 (1992).

When asked to explain the factual basis of his claim against the Dawson State Jail, plaintiff stated only that prisoners do not receive any kind of medical treatment "unless you are on your death bed[.]" (Mag. J. Sec. Interrog. #2). Plaintiff does not allege any facts which, if proved, demonstrate that a formal policy or persistent widespread practice was a "moving force" behind any constitutional violation. *See Travis*, 2006 WL 3831221 at *2, *citing Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.), *cert. denied*, 122 S.Ct. 53 (2001). To the contrary, plaintiff believes that he did not receive treatment for chest pain during his one-week stay at the Dawson State Jail because Lisa Wimberly told the medical staff not to treat him. (*See* Mag. J. First Interrog. #10). Even if such an instruction was given, it does not constitute an official policy or practice for purposes of section 1983 liability.

C.

Nor has plaintiff stated a claim against Dr. Roy Reid. According to plaintiff, Dr. Reid falsified documents, lied to plaintiff, and wrote malicious statements about him. (*See* Mag. J. Sec. Interrog. #1). However, the Fifth Circuit has held that the false documentation by a jail physician is not cognizable under 42 U.S.C. § 1983. *See Pierson v. Gonzales*, 73 Fed.Appx. 60, 2003 WL

21976465 at *1 (5th Cir. Aug. 19, 2003). Moreover, plaintiff does not identify the documents allegedly falsified by Dr. Reid or explain how any malicious statements affected his medical care. His conclusory assertions are not enough to "raise a right to relief above the speculative level." *See Twombly*, 127 S.Ct. at 1965.

D.

The court reaches a different conclusion with respect to plaintiff's medical care claim against Lisa Wimberly. In order to establish a constitutional violation, plaintiff must show that Wimberly acted with deliberate indifference to a serious medical need such as to cause the "unnecessary or wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This, in turn, requires proof that Wimberly was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994).

Here, plaintiff alleges that Wimberly refused to treat him for chest pain and withheld medication for a serious heart condition. (Mag. J. Sec. Interrog. #1). As a result of this inadequate medical care, plaintiff states that he "went into heart failure." (Mag. J. First Interrog. #5). These allegations, viewed in the light most favorable to plaintiff, are sufficient to state a medical care claim against Wimberly. *See, e.g. Easter v. Powell*, 467 F.3d 459, 464-65 (5th Cir. 2006) (allegation that prison nurse ignored complaints of severe chest pain despite her awareness that inmate had a history of cardiac problems held sufficient to state a claim for deliberate indifference and overcome defense of qualified immunity); *Skillern v. Georgia Dept. of Corrections*, 191 Fed.Appx. 847, 852, 2006 WL 1843561 at *4 (11th Cir. Jul. 6, 2006) (prisoner stated a claim for deliberate indifference to serious medical need where doctor withheld medication prescribed for a heart condition).

## RECOMMENDATION

Plaintiff should be allowed to prosecute his medical care claim against Lisa Wimberly. His claims against the Hutchins State Jail, the Dawson State Jail, and Dr. Roy Reid should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 28, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE